UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN EDWARD STEIN,

    Petitioner,

v.                                            Case No. 3:09-cv-1162-MMH-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

    This cause is before the Court on Petitioner Steven Edward Stein's Motion to Hold Proceedings in Abeyance Pending Exhaustion of State-Court Remedies (Motion; Doc. 107),[1] filed through counsel on December 1, 2021. Respondents oppose the Motion. See Response in Opposition to Motion to Stay to Exhaust (Response; Doc. 108). Stein filed a reply. See Reply to Response in Opposition to Motion to Stay to Exhaust (Reply; Doc. 111).

    On November 30, 2009, Stein initiated this action with the assistance of counsel by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, raising six grounds for relief. Doc. 1. Stein filed a motion to amend his Petition;

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

the Court granted Stein's motion; and on December 20, 2018, he filed an Amended Petition that included a new ground for relief. Docs. 62, 64, 65.

On May 18, 2021, Stein asked the Court to permit him to file an amendment to ground one of his Amended Petition. Doc. 91. The Court allowed Stein to amend ground one but denied his request for an open-ended timeframe in which to further amend. Doc. 96. On July 26, 2021, Stein filed a Second Amended Petition that included the amendment to ground one and a new claim for relief, ground eight. Doc. 98.

In his Motion to Stay, Stein asks the Court to stay this case and hold the proceedings in abeyance so he can return to state court to exhaust ground eight, a newly discovered Brady[2] claim. See generally Motion. According to Stein, "the state withheld material, exculpatory evidence relating to witness Ralph Kyle White's motive for testifying against [Stein]." Id. at 3. Stein contends White's ex-girlfriend provided the following information during federal habeas counsel's investigation:

> Shortly after Petitioner was arrested, White called [her] and advised her not to come by his trailer. White told her that he was in serious trouble and that he had made a deal to assist the State in its prosecution of Petitioner. He described the deal as: he would provide inculpatory information and evidence, and in

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

2

> exchange he would not be charged with any crime. White also revealed that he provided information about the location of the murder weapon.

Id. at 7.

Stein argues the Court should stay his Second Amended Petition because he satisfies the factors set forth in Rhines v. Weber, 544 U.S. 269 (2005). He asserts that good cause exists for his failure to raise the claim in his initial state postconviction motion because he did not know about White's motive for testifying at trial when he filed the motion in state court. Id. at 6. According to Stein, federal habeas counsel only discovered such evidence in July 2021, during an investigation in which counsel contacted White's ex-girlfriend. Id. at 6-7, 21.

Stein further contends that his claim is potentially meritorious. According to Stein, he could have impeached White's testimony if he had known about White's motive for testifying at trial. Id. at 7. He notes that the State relied on White's testimony to rebut Stein's contention that the murders "[were] a robbery gone bad," and to establish the cool, calculated, and premeditated aggravating factor as well as the avoid arrest aggravating factor. Id.

Respondents argue ground eight constitutes an untimely amendment to his Second Amended Petition under Mayle v. Felix, 545 U.S. 644 (2005); therefore, the Rhines factors do not apply. Response at 2, 7. Nevertheless, they assert Stein has not demonstrated good cause for failing to exhaust the claim in state court. Id. at 11. Respondents argue Stein has not provided any explanation for "why state postconviction counsel did not speak with [White's ex-girlfriend] decades ago during the state postconviction stage or even why the federal investigator did not speak to her years ago." Id. at 11-12.

According to Respondents, the claim is also meritless because the information is of marginal value given Stein confessed to the armed robbery and, therefore, felony murder. Id. at 12. Moreover, Stein's federal habeas counsel has engaged in dilatory tactics. Id. at 9-11.

"District courts do ordinarily have authority to issue stays, see Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936), where such a stay would be a proper exercise of discretion, see Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)." Rhines, 544 U.S. at 276. However, the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has changed the landscape of habeas corpus with

4

its "goal of streamlining federal habeas proceedings." Id. at 277. The Supreme Court of the United States has explained:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. Duncan,[3] supra, at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would . . . increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Id.

---

[3] Duncan v Walker, 533 U.S. 167 (2001).

Following Rhines, the Eleventh Circuit succinctly outlined the limited circumstances in which a district court may order a stay and abeyance of a mixed petition:

> [T]he district court has discretion to employ a "stay-and-abeyance" procedure, whereby the court would stay the timely filed petition and hold it in abeyance while the petitioner returns to state court to exhaust all of his previously unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-79, 125 S.Ct. 1528, 1533-35, 161 L.Ed.2d 440 (2005). The Supreme Court explained that such a procedure "should be available only in limited circumstances," and only is appropriate when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78, 125 S.Ct. at 1535.

Claudio v. Sec'y, Fla. Dep't of Corr., 578 F. App'x 797, 799 (11th Cir. 2014);[4] Thompson v. Sec'y, Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (per curiam) (citation omitted); see also King v. Chase, 384 F. App'x 972, 975 (11th Cir. 2010).

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Although Respondents contend the Court should deny Stein's Motion because ground eight is untimely pursuant to Mayle, the Court finds that a determination as to ground eight's timeliness is premature at this stage. Based on a review of Stein's Motion and consideration of the Rhines factors, the Court determines that a stay is warranted. Stein has demonstrated "good cause" for failing to exhaust the claim in state court before filing in federal court, and he has established that it is "potentially meritorious." Rhines, 544 U.S. at 278. There is also no evidence that Stein "engaged in intentionally dilatory litigation tactics." Id. (emphasis added).

Moreover, the interests of comity and federalism favor staying the instant proceedings. See Rhines, 544 U.S. at 273 ("[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claim."). On November 24, 2021, Stein filed a successive Florida Rule of Criminal Procedure 3.851 Motion in state court that raises ground eight. Motion at 10-32. The state court has not yet ruled on the Rule 3.851 Motion, and any such ruling will likely involve a determination of whether Stein presents newly discovered evidence of a Brady violation and whether his claim has merit. Accordingly, the Court grants Stein's Motion, and the case shall be stayed.

Therefore, it is

**ORDERED:**

1. Stein's Motion (Doc. 107) is **GRANTED**, and this case is **STAYED**.

2. The Court directs the Clerk of Court to **administratively close** this case. Thirty days after the completion of the exhaustion of his state court remedies for ground eight of his Second Amended Petition, Stein must move to reopen the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of July, 2022.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 5/31
C:  Counsel of record

8